COLORADO CLINICAL LABS, INC.,
et al., Plaintiffs,

v.

Louis SULLIVAN, M.D., et
al., Defendants.

No. 89–C–392.

United States District Court,
D. Colorado.

July 13, 1989.

Catherine Meyer, Englewood, Colo., for plaintiffs.

Michael A. Williams, Denver, Colo., Robert Roller, Austin, Tex., for BCBS.

James W. Winchester, Asst. U.S. Atty., Denver, Colo., for Sullivan.

## ORDER

CARRIGAN, District Judge.

This action involves a dispute over Medicare reimbursements allegedly owed to the plaintiffs under 42 U.S.C. § 1395*l*(h)(3). Plaintiffs are Colorado Clinical Labs, Inc. ("Colorado Clinical"), a Colorado corporation; and Texas Clinical Labs, Inc. ("TCL") and Texas Clinical Labs, Gulf Division, Inc. ("TCL/Gulf"), both Texas corporations. Defendants are Donald Newman, acting Secretary of the United States Department of Health and Human Services, Louis Sullivan, Secretary designate of the Health and Human Services Department, and Blue Cross/Blue Shield of Texas ("BC/BS of Texas"), a private insurance carrier that administers the Medicare program in the State of Texas pursuant to a contract with the Secretary of Health and Human Services under 42 U.S.C. § 1395u.

In their complaint, the plaintiffs contend that the Secretary has adopted an incorrect reimbursement method (1) for fees covering costs in collecting samples used in clinical diagnostic laboratory tests and (2) for fees covering the transportation and personnel expenses incurred in collecting the samples. *See* 42 U.S.C. § 1395*l*(h)(3). Plaintiffs assert claims for civil rights violations under 42 U.S.C. § 1983 (First Claim) and for violation of the Administrative Procedure Act, 5 U.S.C. § 706(2)(D) (Second Claim).

Defendant Sullivan has moved to dismiss the plaintiffs' claims on the grounds (a) that the plaintiffs have failed to exhaust their statutorily prescribed administrative remedies; and (b) that venue over the claims asserted by the plaintiffs TCL and TCL/Gulf is improper in this court.

Defendant BC/BS of Texas has filed a motion to dismiss or alternatively, to transfer venue to the federal court in Texas. In support of its motion to dismiss, BC/BS of Texas contends (i) that it is not the real party in interest; (ii) that it is immune from suit under the doctrine of sovereign immunity; (iii) that this court lacks personal jurisdiction over it; (iv) that the First Claim

should be dismissed for lack of subject matter jurisdiction; and (v) that the Second Claim should be dismissed because the plaintiffs have not exhausted their administrative remedies.

The parties have fully briefed the issues and oral argument would not materially facilitate the decision process. Jurisdiction is asserted under 28 U.S.C. § 1331 and 5 U.S.C. § 702.

Plaintiffs acknowledge in their complaint that the Secretary is required to establish certain fees for samples and expenses as set forth at § 1395*l*(h)(3). In support of their two claims, the plaintiffs allege, in pertinent part, the following:

"10. Rather than establishing this fee, the Secretary improperly delegated this responsibility to the individual carriers. Medicare Carriers Manual, § 5114.61."

"11. The Secretary's directives to the carriers contained inadequate and improper guidelines which did not comply with the statutory directives of 42 U.S.C. [§ ]1395*l*(h)(3) or Congressional intent."

"12. The Texas carrier, Defendant Blue Cross Blue Shield, conducted a survey through the use of questionnaires to establish a flat fee basis for reimbursement of the travel allowance for the cost of collecting specimens."

"13. The survey conducted by Blue Cross Blue Shield of Texas was seriously flawed, did not consider relevant factors and used faulty data and faulty methodology to determine a flat fee basis for reimbursement."

"14. As a result of this faulty survey and inaccurate flat fee allowance for reimbursement, Plaintiff has been inadequately reimbursed since January of 1987 and is now in dire financial straits."

"15. The Colorado carrier also used faulty methodology to set a fee for reimbursement which did not comply with 42 U.S.C. 1395*l*(h)(3) or Congressional intent."

\*    \*    \*    \*    \*    \*

"20. Plaintiffs have appealed to Blue Cross Blue Shield of Texas, the Health Care Financing Administration (HCFA) of the Department of Health and Human Services to no avail. Plaintiff was informed by letter from J.D. Sconce, Regional Administrator that further appeal of this issue does not exist within the administrative process."

Attached to the defendant Sullivan's motion to dismiss is correspondence between Daniel P. Campbell, President, Texas Clinical Laboratories, Inc. and Mr. J.D. Sconce, Regional Administrator of the Health Care Financing Administration located in Dallas, Texas. Based on my examination of these papers, it is clear that this correspondence concerns the applications for fees reimbursement on behalf of TCL to the Texas Medicare carrier, presumably the defendant BC/BS of Texas.

Defendant BC/BS of Texas has attached to its motion the affidavit of Leila Wright, the vice president, Medicare, at BC/BS of Texas. The affidavit contains the following information:

"3. Following investigation and study, Blue Cross set a fee for reimbursement under the Medicare Part B Program to providers of such services in Texas. The fee does not apply to services performed outside the State of Texas, and thus would not apply to a Colorado provider of such services. Blue Cross' administrative functions in regard to the Part B Medicare Program only relate to matters in Texas. HHS and HCFA have agreements with other carriers which perform administrative functions in other states, including Colorado."

"4. To the best of my knowledge, two of the Plaintiffs—Texas Clinical Labs, Inc. and Texas Clinical Labs, Gulf Division, Inc.—are companies that perform services in Texas related to the collection of samples upon which clinical diagnostic laboratory tests are performed and receive reimbursement from the federal trust fund for such services that are performed in Texas based upon the fee set by Blue Cross. Blue Cross' records show that the offices of such corporations are located in Texas. To the best of my knowledge, the third Plaintiff Colorado Clinical Labs, Inc., a Colorado cor-

poration, does not perform such services in Texas and thus does not obtain any reimbursement for such services based on the fee set by Blue Cross. Another contract carrier would set the fee for services performed in Colorado."

"5. The principal offices and place of business of Blue Cross are in Dallas County, Texas. Blue Cross has no offices or employees in Colorado, does not do business in Colorado and is not licensed to do business in Colorado. It owns no real property in Colorado, maintains no bank accounts there and owns no other property there."

"6. The employees of Blue Cross who are responsible for administering the Medicare Part B Program all office in Texas, and the fee determinations at issue in this case were made in Dallas County, Texas. All of the relevant records in this case in the possession of Blue Cross are maintained in Texas. The HCFA regional office that maintains supervisory authority over such matters is also located in Dallas County, Texas."

"7. As to the matters at issue relating to Blue Cross, all pertinent events occurred in Texas. To my knowledge, nothing relevant to this suit relating to Blue Cross occurred in Colorado."

With respect to claims arising under the Social Security Act, venue lies only in the judicial district in which the plaintiff resides or has his principal place of business, or in the United States District Court for the District of Columbia. 42 U.S.C. §§ 1395ff(b) and 405(g). Under the general venue statute, 28 U.S.C. § 1391, venue for a civil action involving an officer of the United States as a named defendant is proper only where the defendant resides, where the claim arose, where real property involved in the action is situated, or where the plaintiff resides if no real property is involved.

I have liberally construed the complaint's allegations in the light most favorable to the plaintiffs. Plaintiffs' allegations regarding the utilization of faulty methodology by a Colorado carrier are conclusory at best. The Colorado carrier allegedly involved in this suit is not named as a defendant or identified by name in the com-

plaint. Moreover, even if a cognizable claim against the Colorado carrier has been asserted, the complaint does not contain clear and concise allegations that administrative remedies have been exhausted as to that carrier.

The instant action is a Texas lawsuit in which two Texas corporations are suing a Texas insurance carrier regarding the methodology used in determining fee reimbursements under the federal Medicare program administered in Texas. It appears that Colorado Clinical was included as a plaintiff in this suit as part of an attempt to lay venue in this district. I do not look favorably on such tactics.

Plaintiffs TCL and TCL/Gulf are Texas corporations. Venue for their lawsuit is either Texas or the District of Columbia under 42 U.S.C. §§ 1395ff(b) and 405(g), or 28 U.S.C. § 1391.

I find and conclude that the complaint and action are subject to dismissal for having been filed in the wrong venue. Rule 12(b)(3), Fed.R.Civ.P. Rather than dismiss this suit, however, I will transfer venue to the United States District Court for the Northern District of Texas. It is unnecessary for me to consider the defendants' other arguments advanced in their respective motions.

Accordingly, IT IS ORDERED that:

(1) The motion to dismiss, or alternatively to transfer venue filed by the defendant Blue Cross/Blue Shield of Texas is granted in part and denied in part;

(2) Defendant Blue Cross/Blue Shield of Texas's motion to transfer venue is granted;

(3) Plaintiffs' complaint and action are transferred to the United States District Court for the Northern District of Texas;

(4) The motion to dismiss filed by the defendant Blue Cross/Blue Shield of Texas is denied without prejudice; and

(5) Defendant Sullivan's motion to dismiss is denied without prejudice.